EDWARD P. McDEVITT *vs.* HOWARD BRYANT AND JOHN T. ENSOR, TRUSTEES, ET AL.

*Appeal—Agreement as to Facts in Lieu of Transcript of Record—Sales in Equity—Parties—Beneficiary Under a Trust Represented by the Trustee.*

An agreement by counsel in an equity cause that certain facts, with the docket entries, shall constitute the record for the Court of Appeals in lieu of a transcript of the original papers, as provided by Code, Art. 5, sec. 39, is ineffectual, and the appeal in such case will be dismissed.

Land was devised to trustees for the use of one J during her life, the property at her death to descend to her heirs, and full power of sale and reinvestment was given to the trustees.   Upon a bill by creditors of the testator, a decree was made appointing a trustee to sell the property to pay debts.   The purchaser at the sale objected to  the title on the ground that a brother of the life tenant  had not been made a party. *Held*, that the testamentary trustees, who were parties to the cause, represented the interest of all persons beneficially interested under the trust, and that consequently the brother of the *c. q. t.* for life was bound by the decree, since Code, Art. 16, sec. 173, provides that in suits where the entire estate to be affected by the decree is vested in trustees with a power of sale, such trustees shall represent the persons beneficially interested under the trust, and in such cases it is not necessary that these persons be made parties to the suit.

*Decided November 1st, 1906.*

Appeal from the Circuit Court for Baltimore County.

The cause was argued before McSHERRY, C. J., BRISCOE, SCHMUCKER, JONES and BURKE, JJ.

*Charles J. Bouchet* and *Wm. G. Towers*, for the appellants.

*Howard Bryant* (with whom was *O. Parker Baker* and *J. W. Bryant* on the brief ), for the appellees.

BURKE, J., delivered the opinion of the Court.

These are appeals taken by Edward P. McDevitt and the Convention of the Protestant Episcopal Church of the Diocese of Maryland from a decree of the Circuit Court for Baltimore County, dated April 3rd, 1906.   By an agreement as to facts filed in the Court below, it appears that by the second item in the last will and testament of Julia A. Myers the property involved in this controversy was devised as follows: "I give and devise all the land and improvements situate in Baltimore County and the State of Maryland now belonging to me, and which were devised to me by the will of my father, the late John S. Stansbury, unto Alexis Joseph Myers and Julia S. Frary in trust for the use, benefit and behoof of Julia M. Frary, daughter of the said Julia S. Frary, so that Julia M.

Frary may receive and take the rents, issues and profits thereof during her life, which are to be paid into her hands and not into another, whether claiming by her authority or otherwise, and after her death the said property to descend to her heirs absolutely according to the now existing laws of the State of Maryland, with full power to the said trustees, their successors and assigns to sell the same, or any part or parts thereof, and to execute such contracts, deeds or conveyances that may be necessary or required, and to reinvest the proceeds of any such sale or sales on like trusts as are hereby declared in reference to said property, including the power of sale and reinvestment, and with power also to said trustees, their successors and assigns to lease the said property, or any part or parts thereof for such rent or rents, and for such term or terms as they may think right and proper, and to execute such lease or leases thereof as may be necessary and required."

The personal estate of the testatrix being insufficient to pay her debts, a creditor's bill was filed for a sale of the property, and a decree was passed in the cause appointing John S. Ensor and Howard Bryant, trustees, to make the sale. The property was sold by the trustees to the appellants, and reported to the Court, and was finally ratified and confirmed after due publication of the usual order *nisi*. The trustees under the will and Julia M. Frary, the life tenant, are parties to the cause. No exceptions were filed to the final ratification of the sales, but the purchasers refused to comply with the terms of sale and accept the property. Whereupon the trustees filed a petition in the cause praying for a resale of the property at the risk of the appellants, who resisted a resale at their risk upon the ground that a living brother of Julia M. Frary, the life tenant, was not made a party to the suit, and therefore, it is alleged, that his interest as tenant in remainder under the will of Julia A. Myers did not pass to them under the sales. The application for the resale was heard by the Court upon the petition and answer. The Court ordered that the property be resold at the risk of the former purchasers, the appellants, unless within ten days from a service of a copy of the

order the purchasers should pay to the trustees the amount of the purchase-money, with interest as provided by the decree. From this order these appeals were taken.

The appeals must be dismissed for the reason that there is no proper record before us. The counsel for the respective parties have agreed that the facts above stated, together with certain docket entries, shall constitute the record for the Court of Appeals in lieu of an exact transcript of the original papers filed in the cause. The only method by which the record could be brought into this Court upon an appeal is by a transcript thereof made by the Clerk of the Court from which the appeal is taken, under the seal of his office, as provided by *sections 39 and 49 of Article 5, Code 1904.* The provision of the law in this respect was disregarded by the counsel, and in lieu of the transcript of record the novel method was resorted to of agreeing that certain facts should constitute the record. Such procedure as that cannot be countenanced. This Court must have the record made up and transmitted by the Clerk as directed by the law relating to appeals, and counsel will not be permitted, as they attempted to do in this case, to dispense with a transcript of the record, and substitute therefor an agreed statement of facts.

Whilst the appeals must be dismissed for the reasons stated, we would affirm the order appealed from were a record before us containing the facts we have stated above. No evidence was adduced to show that Julia M. Frary had, or now has a brother living as alleged in the answer of the appellants to the petition for a resale of the property, and if it be conceded that she has a brother living as alleged, and assuming that he has some remote, or contingent interest in the property, this interest was represented by the trustees under the will of Julia A. Myers, who are parties to the proceedings, and who have assented to the decree and the sales made by the trustees thereunder. By the express terms of the will the title to the property sold was vested in the trustees therein named, with full power to them, their successors, and assigns to sell the same, or any part, or parts thereof, and to execute such con-

tracts, deeds or conveyances that may be necessary or required. The terms employed in the creation of the trust present a situation as to parties which falls within and is controlled by *section 173, Article 16, of the Code of 1904.* The testamentary trustees represent the interests of all persons beneficially interested in the property under the trust, and being parties to the cause the interest of all such persons are bound by the decree. If, therefore, the life tenant has a brother living who has an interest in the property sold, as alleged by the purchasers, he was not a necessary party to the cause, and whatever interest he may have in the property was concluded by the decree. The Court below may extend the time for the purchasers to comply with the terms of sale, if they are willing to accept the property, and a resale thereof at their risk will thus be avoided.

> *Appeals dismissed, each party to pay one-half of the costs in each case above and below.*